229 F.2d 616
 In the Matter of HUDSON & MANHATTAN RAILROAD COMPANY, Debtor in Proceedings for Reorganization pursuant to Chapter X of the Bankruptcy Act.
HUDSON & MANHATTAN RAILROAD COMPANY, Debtor, Appellant,
v.
Herman T. STICHMAN, Trustee of the Debtor, et al., Appellee, and
William J. Harding, Jr., Irving I. Schnur and Shirley Reiter, Appellees.
 No. 173.
 Docket 23732.
 United States Court of Appeals Second Circuit.
 Argued December 22, 1955.
 Decided February 9, 1956.
 
 Otis Mark Waters (Valente & Hallheimer, New York City, Julius Hallheimer, Louis A. Valente, New York City, of counsel on the brief) for appellant.
 William W. Golub (McGoldrick, Dannett, Horowitz & Golub, New York City, Myron S. Isaacs, Jerome Talbert, New York City, of counsel on the brief) for the Trustee of the debtor.
 Edward M. Garlock, New York City (House, Grossman, Vorhaus & Hemley, New York City, Leonard Hemley, New York City, of counsel on the brief) for appellees.
 William H. Timbers, Gen. Counsel, David Ferber, Sp. Counsel and Frederick T. Finnigan, Atty., Securities & Exchange Commission, Washington, D. C.
 Before FRANK, HINCKS and LUMBARD, Circuit Judges.
 LUMBARD, Circuit Judge.
 
 
 1
 Since December 14, 1954 the Hudson & Manhattan Railroad Company, which owns and maintains the Hudson Tubes, an electric railway running for 14 miles from Newark, New Jersey to lower and mid-town Manhattan, has been operated by a trustee appointed by the District Court in a Chapter X bankruptcy proceeding. This debtor now complains of orders 28 and 36, signed by Judge Walsh on February 23 and April 7, 1955 respectively. Order 28 denied the debtor authority to employ an engineering firm to value the debtor's property as of August 11, 1954, when three creditors filed an involuntary petition for a Chapter X bankruptcy proceeding. Order 36 denied the debtor's petition for leave to withdraw an "amended answer" and "consent to reorganization" which it had served and to file an "answer de novo" to the creditors' petition in place of its original answer of December 8, 1954.
 
 
 2
 Judge Walsh's orders were proper in all respects. As to Order 28, the debtor had long since been foreclosed from contesting the issue of insolvency by its answer of December 8, 1954, wherein it stated its inability to meet its debts as they matured, did not deny its insolvency, and consented to and prayed for its reorganization under Chapter X, 11 U.S. C.A. §§ 501 to 676. As to Order 36, it was well within the judge's discretion not to permit the debtor to change its position of consent, taken deliberately and with full knowledge of the consequences, when it made no showing of any good reason for such change. A brief recital of events preceding Orders 28 and 36 fully supports the judge's actions:
 
 
 3
 After three bondholders had, on August 11, 1954, filed a creditors' petition for a Chapter X reorganization, the debtor moved to dismiss on the ground that Chapter X did not apply as the debtor was part of a general railroad system. While this motion was awaiting decision the debtor on November 19, 1954 filed a voluntary petition alleging that it was unable to meet its debts as they matured and asking reorganization as a railroad under Chapter VIII, 11 U.S.C.A. § 205, sub. m. This petition was referred to Judge Walsh who, on December 1, 1954 in a well considered opinion reported at D.C., 126 F.Supp. 359, denied the motion to dismiss the Chapter X proceeding and dismissed the debtor's petition for a Chapter VIII reorganization on the ground that Hudson & Manhattan was an interurban electric railway not operated as part of a general railroad system and thus was not eligible for Chapter VIII treatment. It is doubtful that this determination is now subject to review inasmuch as no appeal was taken either from the dismissal of the debtor's petition or from the denial of the motion to dismiss the Chapter X petition. Stoll v. Gottlieb, 1938, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104. In any event Judge Walsh's determination is well supported by the facts and the law.
 
 
 4
 The debtor's Board of Directors at a meeting on December 2 voted not to appeal Judge Walsh's decision. On the following day William Reid, president of the debtor and chairman of its Board of Directors, announced publicly that the Board had decided to file such papers as were necessary to permit reorganization to proceed immediately under Chapter X; he pointed out that this made "unnecessary any further litigation regarding the applicable section of the Bankruptcy Act." Thus the debtor took no appeal.
 
 
 5
 Thereafter debtor's counsel advised the directors to deny any acts of bankruptcy lest they be held personally liable under the New York Stock Corporation Law McK.Consol.Laws, c. 59, § 1 et seq., for any preferential transfers made when the debtor was insolvent. Thus the debtor's answer filed on December 8, already referred to above, denied any act of bankruptcy and denied that certain payments set forth in the petition had been preferential and had been made with intent to prefer any unsecured creditor. However, the debtor "without conceding the applicability of Chapter X" admitted that it was unable to meet its debts as they matured, consented to the reorganization and joined in so much of the petition as prayed for reorganization. The answer did not deny the creditors' allegation that the debtor was insolvent.
 
 
 6
 Section 142 of Chapter X, 11 U.S.C.A. § 542 reads:
 
 
 7
 "If an answer is not filed by a debtor to a petition against it, or if the answer filed does not controvert any material allegation of the petition, the judge shall enter an order approving the petition if satisfied that it complies with the requirements of this chapter and has been filed in good faith, or dismissing it if not so satisfied."
 
 
 8
 The answer filed by the debtor on December 8 empowered the court under this section to approve the petition without a hearing and to appoint a trustee. The debtor's consent to reorganization and admission of inability to pay debts made the controverted allegations relating to acts of bankruptcy immaterial. In Moore v. Linahan, 2 Cir., 1941, 117 F.2d 140, certiorari denied Sargent & Co. v. Moore, 314 U.S. 628, 62 S.Ct. 59, 86 L.Ed. 504, we held that under Chapter X the debtor's answer, even though it requests reorganization and admits the allegations of the petition, cannot itself become a voluntary petition. We pointed out there, however, that the requirement in § 131, 11 U.S.C.A. § 531, that an act of bankruptcy be alleged in an involuntary petition was for the protection of the debtor. We suggested that a creditor or shareholder should not be permitted to controvert the allegation of an act of bankruptcy if the debtor consents to reorganization and does not choose to avail itself of such a defense. But see 6 Collier on Bankruptcy 1631-32. For the same reason, if the debtor consents to reorganization it may not at the same time raise an issue as to the existence of an act of bankruptcy. The only purpose of raising such an issue is to protect the debtor from an unnecessary reorganization. If it does not desire that protection, it cannot impose upon the court the necessity of a hearing on the issue. Judge Walsh was correct in his view that the debtor's answer rendered immaterial any issues relating to insolvency or acts of bankruptcy. Cf. In re Palisades-on-the-Desplaines, 7 Cir., 1937, 89 F.2d 214, 216, 217; Snyder v. Fenner, 3 Cir., 1939, 101 F.2d 736. This conclusion is not inconsistent with Moore v. Linahan, supra, for we do not hold that the debtor's answer becomes a voluntary petition, but merely that the filing of such an answer makes it unnecessary for the petitioner to allege or prove any of the acts required by § 131, 11 U. S.C.A. § 531.
 
 
 9
 This result finds further support in the fact that the debtor's answer constituted a written admission of inability to pay its debts and willingness to be adjudged a bankrupt. This would itself constitute an act of bankruptcy under § 3, sub. a(6) of the Bankruptcy Act, 11 U.S.C.A. § 21, sub. a(6). In re Waxaid Co., D.C.D.Md.1943, 55 F.Supp. 289, 291. Thus even if the petitioning creditors were required to prove an act of bankruptcy and failed to do so, they could immediately file a new petition alleging the debtor's answer as an act of bankruptcy.
 
 
 10
 Judge Walsh was therefore correct in treating the pleadings as if the answer had not controverted any material allegation of the petition and finding that the petition "by reason of the Debtor's answer and consent to reorganization" complied with the requirements of Chapter X. He approved the petition and in the same order on December 14 appointed Herman T. Stichman as trustee. Eight days later, on December 22, and within the time permitted by 11 U.S. C.A. § 537, stockholder Kyriacos Dimitriou filed an answer which denied the debtor's insolvency, the commission of any acts of bankruptcy, and inability to meet debts as they matured.
 
 
 11
 Thereafter on December 27 the debtor served what it called an "amended answer" in which, for the first time, it specifically denied that it was insolvent. The debtor again set forth its inability to meet its debts and its consent to reorganization. Such an amended answer, filed without leave of the court after Judge Walsh's order of December 14 which was based on the debtor's original answer of December 8, was a nullity. We assume that Rule 15, Fed.Rules Civ. Proc. 28 U.S.C.A., is applicable under Chapter X. That Rule provides that "if * * * the action has not been placed upon the trial calendar," a party may amend his pleading as a matter of course "at any time within 20 days after it is served." But that Rule cannot be construed as permitting amendment without leave of court after the court has determined the issues to which the pleadings are directed. Especially must this be so in view of the ten day time limit for filing the answer under 11 U.S.C.A. § 536 and the need for expedition in reorganization proceedings. But even if the amendment was timely it would not alter the result since the debtor reiterated its consent to reorganization and its inability to meet its debts as they matured.
 
 
 12
 On February 18, 1955 the debtor petitioned for authorization to retain an engineering firm to appraise its property. When this was heard on February 23 debtor's counsel argued that insolvency was a condition to the reorganization proceeding and that this was still to be determined. Judge Walsh denied the motion on the grounds that the debtor's answer had made insolvency immaterial and that in any event the debtor was barred from contesting the issue. In both of these conclusions he was correct. We have already pointed out that when the debtor consented to reorganization and alleged the essentials of a voluntary petition, the issues relating to acts of bankruptcy and insolvency were removed from the case. In addition § 149 of Chapter X, 11 U.S.C.A. § 549, made the Court's order of December 14 approving the petition conclusive against the debtor. Section 149 provides: "An order, which has become final, approving a petition filed under this chapter shall be a conclusive determination of the jurisdiction of the court." Of course the order of December 14 was not a final order conclusive against the shareholder who answered under § 137, 11 U.S.C.A. § 537. Since his answer was timely filed he cannot be barred except by a final order determining the issues raised by his answer. 6 Collier on Bankruptcy 1805-06. But the debtor may not answer under § 137; its only means of contesting the petition is by answering within ten days under § 136, 11 U.S.C.A. § 536. Since it has answered under that section, an order has been entered approving the petition on the basis of its answer, and the time for appealing from that order has expired, the adjudication is conclusive against the debtor. Furthermore the answer of December 8, upon which the court acted, did not even deny the petition's allegation of insolvency. It is therefore clear that Order 28 was properly entered.
 
 
 13
 The debtor's next move was to petition for leave to withdraw its "amended answer" of December 29, 1954 and to file an "answer de novo." This proposed pleading was an entire about-face from the position originally taken in the answer of December 8, 1954. It specifically denied that the debtor was insolvent; it did not consent to or join in the petition for reorganization. Counsel for the debtor now argued that it had never meant to give up the right to a trial of the issue of insolvency.
 
 
 14
 Whether to allow the debtor to change its position on these vital matters at this late date was within the discretion of the District Court. Under all the circumstances the judge would have been justified in dealing summarily with such an about-face for which no good reason was given. As it was, having, at the debtor's request, granted an order to show cause returnable in two days, Judge Walsh heard the matter fully on March 3 and 4 and granted a further adjournment over the week-end to Monday, March 7 at which time the debtor rested without calling any additional witnesses. The debtor's brief charges that the debtor was forced to trial on its petition without any opportunity to obtain and prepare witnesses, assemble evidence, bring documents into court and otherwise prepare. These charges are utterly baseless and ought not to have been made.
 
 
 15
 William Reid, president of the debtor, was the only witness at the hearing. It appeared from his testimony that the purpose of the proposed new answer was to preserve for junior security holders (such as Dimitriou) the right to assert the debtor's solvency in order to participate in the reorganization, to preserve for the directors' benefit the right to deny preferential acts (which had already been asserted in the December 8 answer), and to dismiss the Chapter X proceeding because the directors thought that under the Interstate Commerce Commission in a Chapter VIII proceeding they would be better able to serve their own interests than under the Securities & Exchange Commission in the present Chapter X reorganization. Reid's testimony and the maneuvers of the debtor lend considerable color to the suggestion advanced in the brief for the Trustee that the change of heart on the part of the debtor and Reid followed the appointment of a trustee other than Reid on December 14, 1954.
 
 
 16
 There was no error in excluding Reid's testimony as to the debtor's intent in seeking leave to answer de novo. A pleading speaks for itself; its intent is to be discovered from what it discloses on its face. Dworsky v. Alanjay Bias Binding Corp., 2 Cir., 1950, 182 F.2d 803. In any event the District Court should be allowed considerable leeway in the procedure it adopts in hearings on matters addressed to its discretion; the court was not required to permit the calling of witnesses. As it was there was considerable evidence bearing upon intent — some of which we have summarized above — and it cannot be said that the debtor was in any way prejudiced by the court's rulings.
 
 
 17
 In view of the expedition required in Chapter X proceedings and the necessity for the trustee to move forward with the urgent business of administration, particularly in the case of an important public utility such as the debtor here, there was added reason for Judge Walsh to deny the petition to file a new answer brought almost three months after the original answer had set in motion the Chapter X reorganization.
 
 
 18
 While it was not necessary that there be any finding as to the good faith of the debtor when it sought leave to file a new answer in place of the old, good faith was certainly relevant to the inquiry. The absence or presence of good faith bears upon whether one who petitions to file a new and different pleading, under such circumstances as are here attendant, has a good reason to ask the exercise of the court's discretion. Kuris v. Pepper Poultry Co., Inc., D.C.S.D.N.Y. 1941, 2 F.R.D. 361; see 3 Moore's Federal Practice 834. On this record there is ample support for Judge Walsh's finding that the petition was not filed in good faith and that it was without merit.
 
 
 19
 The orders appealed from are affirmed.