John GLADDEN

v.

CIA DE COMMERCIO Y VAPORES S.A.

GLADDEN

v.

LAVINO SHIPPING CO. and
M. A. Hanna Co.

GLADDEN

v.

GIRARD POINT OPERATING CO.

Civ. A. No. 21709.

United States District Court
E. D. Pennsylvania.

Feb. 29, 1960.

**156**

Freedman, Landy & Lorry, Philadelphia, Pa., for Gladden.

Rawle & Henderson, Philadelphia, Pa., for Cia.

Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Lavino and Girard.

Krusen, Evans & Shaw, Philadelphia, Pa., for Hanna.

WOOD, District Judge.

This is an action by a longshoreman, John Gladden, against Cia De Commercio Y Vapores S.A. (hereafter called Cia), a shipowner, for injuries sustained by plaintiff when a ladder which he was descending allegedly pulled away from the coaming and caused plaintiff to fall into the hold.

It is Cia's position that the bolts securing the ladder to the coaming were sheared off during the negligent operation of a crane used by the Lavino Shipping Company (hereafter called Lavino), stevedores, in unloading the vessel. Lavino, however, had been engaged to unload the vessel not by Cia, but by the M. A. Hanna Company (hereafter called Hanna), charterer. Therefore, Cia joined both Lavino and Hanna as third-party defendants.[1] Hanna subsequently joined the Girard Point Operating Company (hereafter called Girard), as a fourth-party defendant, having discovered that the crane and crane operator which allegedly damaged the ladder were borrowed by Lavino from Girard.

No contention is made by plaintiff that the joinder of any of these defendants was improper. The plaintiff's position is that even though the joinders are technically correct under Fed.Rules Civ. Proc. Rule 14(a), 28 U.S.C.A. (which they undoubtedly are) the Court should nevertheless order the plaintiff's cause against Cia to be tried separately under the authority of Rule 42(b).[2] Plaintiff contends that "convenience would be promoted" and "prejudice avoided" by severing plaintiff's action against Cia. Plaintiff supports this contention by pointing out that his case against Cia is simple and clear-cut, whereas the quarrel among the defendants as to who should bear the ultimate loss will involve complicated factual and legal questions. Plaintiff need only prove that the ladder broke away from the side of the ship's coaming and caused him to fall in order to prevail in his action against Cia. (This is true, of course, because such proof would establish the "unseaworthiness" of the vessel and without more place liability on the shipowner for in-

---

1. See Crumady v. The Joachim Hendrik Fisser et al., 1959, 358 U.S. 423, 79 S. Ct. 445, 3 L.Ed.2d 413 and King v. Waterman Steamship Corp., 3 Cir., 272 F. 2d 823, re indemnity.

2. Rule 42(b) reads as follows: "Separate trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim * * * or third-party claim, or of any separate issue * * *."

juries sustained by plaintiff as a result of this unseaworthiness.) On the other hand, Cia in order to recover over from either of the third-party defendants would have to show how a negligent act on the part of Lavino had damaged the ladder and caused it to break under plaintiff's weight. Once this is established, there is presented a difficult question of law as to which third-party defendant is ultimately responsible and then as to whether the fourth-party defendant would be liable over to either third-party defendant. Without going further, it is apparent that plaintiff is quite correct when he describes his case as a simple one and the case between the defendants as an extremely complicated one. Why then, asks plaintiff, should he be forced to sit by in Court while defendants squabble over their responsibility?

The answer is simply that in order to facilitate the determination of just this sort of situation Rule 14 provides for *one trial*, and in so doing obviously necessitates the kind of thing about which plaintiff here is complaining. The importance of determining factual and legal questions after *one* presentation of evidence and arguments on the law, rather than after two presentations of the same evidence and arguments, is obvious.

In the first place, defendants will want to actively participate in the trial in order to keep plaintiff's damages to a minimum. Under Rule 14(b) defendants have a right to assert against plaintiff any defense which Cia has against plaintiff. If the defendants were not permitted to participate in the trial of plaintiff's claim against Cia, defendants would have the undoubted right to contest not only the amount of damages awarded plaintiff against Cia, but also the liability of Cia. In short, the entire case would have to be tried over again. Cia might face serious difficulties in securing the presence of longshoremen and seamen as witnesses at the second trial. Furthermore, the time lag between a judgment against Cia and the determination of Cia's right to be indemnified for its loss is also undesirable from Cia's point of view.

Plaintiff's case can be tried fairly, defendants' interest protected, and the Court's burden lessened by refusing plaintiff's motion for separate trials.