**In the Matter of AMERICAN NATIONAL TRUST and Republic National Trust, Debtors (Appellees),**

**v.**

**Neva M. SHANKLIN, etc., Appellant.**

**Nos. 17641–17643.**

United States Court of Appeals
Seventh Circuit.

Jan. 14, 1970.

Emanuel Nadlin, Dayton, Ohio, for appellant.

Philip A. Loomis, Jr., Washington, D. C., J. Kirk Windle, Special Counsel, S.E. C., Chicago, Ill., David Ferber, Solicitor, S.E.C., Washington, D. C., for S.E.C.

Alan H. Lobley, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for the debtors.

Alan I. Klineman, James M. Klineman, Klineman, Rose & Wolf, Indianapolis, Ind., for John I. Bradshaw, trustee in reorganization.

Before DUFFY, Senior Circuit Judge, and KILEY and CUMMINGS, Circuit Judges.

DUFFY, Senior Circuit Judge.

American National Trust and Republic National Trust are real estate trusts which have been in operation in the State of Indiana. Their principal offices were in Indianapolis, Indiana. These two trusts had common trustees and shared the same offices.

Appellant, Neva M. Shanklin, is the owner of certificates of beneficial interest in both the American National Trust and the Republic National Trust, having invested therein the sum of $30,600.

Involuntary petitions for reorganization under Chapter X of the Bankruptcy Act were filed on February 13 and February 26, 1968, against the American National Trust and the Republic National Trust, respectively. A receiver was appointed.

The debtors each filed an answer opposing the approval of the petitions. On April 4, 1968, Shanklin filed a motion to intervene and moved to dismiss the petitions and vacate the order appointing a receiver. A hearing on the approval of each Chapter X petition and on the motions of Neva Shanklin was set for April 26, 1968.

On the morning of the day set for hearing (April 26), the alleged debtors each filed an amended answer consenting to the granting of the petitions, but denying that the petitioning "beneficial interest" holders were creditors. After a hearing at which Shanklin made no objections, the District Court approved the petitions and ordered the reorganization to proceed and appointed trustees.

Petitioners introduced evidence to the effect that in the sale of the certificates of beneficial interest, representations had been made to them that the certificates would be redeemed by the trusts at any time. The Court ordered the petitions for reorganization approved and appointed trustees. Another hearing, pursuant to 11 U.S.C. § 569 was set for June 28, 1968.

On October 22, 1968, Neva Shanklin filed a suit in the Howard Circuit Court in the State of Indiana against Frank L. Gregory and Paul D. Hinkle in their capacity as trustees for each of the two real estate trusts. This suit sought to have set aside the trustees' vote authorizing the trust consent to the granting of the petitions in reorganization under Chapter X.

The District Court entered an order staying the suit in the Howard Circuit Court, and on December 5, the appellant Shanklin filed a notice of appeal from the order staying such suit.

The Securities and Exchange Commission (S.E.C.) was a participant in the hearing before the District Court. The Commission agrees with and concurs in the arguments of the debtors and trustees with respect to three issues: 1) that the petitions for reorganization under Chapter X of the Bankruptcy Act were properly approved; 2) that the jurisdiction of the District Court has been conclusively determined by virtue of Section 149 of Chapter X (11 U.S.C. § 549), and 3) that the District Court had jurisdiction to stay the collateral attack on the debtors' consent to the reorganization.

However, the Commission disagrees with debtors and trustees in the view that appellant has presented no question with respect to the allowances of compensation to various persons. On this point, the Commission argues that the determination by the District Court of allowances to various persons may be reviewed by this Court, but that such a review is not necessary at this time.

The attorneys for the trustees had also been attorneys for the receiver and prior thereto, had represented the petitioning creditors. The District Court

made a total allowance of $31,500 as interim fees for the attorneys. The S.E.C. had recommended an allowance of $20,000. The District Court also allowed $24,000 to Bradshaw as receiver-trustee fees. The S.E.C. had recommended $15,000. The District Court also made allowance of $31,495.50 as fees to two accountants.

The generous allowance of fees by the Court is shown by the fact that the allowance made by the Court exceeded the S.E.C. recommendations by the sum of $20,500. The District Court should and undoubtedly will take into consideration the generous amounts of the allowances heretofore made, at the time when the Court fixes the amounts of the final fees. We agree with the S.E.C. that there is no need, at this time, to review the order allowing compensation. Therefore, we make no determination as to our ability to do so under the circumstances of this case.

On this appeal, Shanklin relies principally on her claim that the holders of beneficial interests of the trusts were not creditors and, therefore, had no standing to sign petitions for relief under Chapter X, and that it follows the District Court had no jurisdiction.

■ Any such objection should have been presented at the April 26th hearing at which Shanklin was present, or at the June 28th hearing at which the petitions were finally approved and trustees appointed. Pursuant to 11 U.S.C. § 537, Shanklin could have objected then but she did not until December 16, 1968. In the case of In re Hudson & Manhattan Railroad Company v. Stichman, 229 F.2d 616, 620 (2 Cir., 1956), the Court indicated that when objections are not timely or properly made, the Court's determination of jurisdiction is final. They cited, as we do in the instant case, 11 U.S.C. § 549—"An order, which has become final, approving a petition filed under this chapter [Chapter X] shall be a conclusive determination of the jurisdiction of the court." We hold that the order of the District Court affirming the petitions asking for relief under Chapter X and appointing receivers became final.

■■ The next issue raised by appellant is that the District Court had no right or authority to enjoin the Howard Indiana Circuit Court. We disagree! In In re Muntz TV, Inc., 229 F.2d 314, 316 (7 Cir., 1956), we held "Under Section 116 of the Bankruptcy Act, Title 11 U.S.C.A. § 516, the bankruptcy court may enjoin the commencement or continuation of any suit against the debtor and restrain all persons from attempting to enforce a lien upon its property. * * * This is because, under the Constitution, a federal court's jurisdiction in bankruptcy is paramount and exclusive * * *. Consequently, a bankruptcy court may properly stay any court proceeding which interferes with its exclusive jurisdiction, or violates its express orders. * * *"

The orders of the District Court approving the petitions for reorganization under Chapter X, denying the motions to vacate and stay the collateral attack on debtors' consent to reorganization, should be and are

Affirmed.