Tracy W. LUSK and Jane Lusk,
Plaintiffs,

v.

PENNZOIL UNITED, INC., d/b/a United Gas Distribution Company, a/k/a United Gas Corporation and United Gas, Inc., Defendant.

v.

WHIRLPOOL CORPORATION and Aaron Beard, d/b/a Beard Plumbing, Heating and Electric Company, Third-Party Defendants.

No. WC 71–24–S.

United States District Court,
N. D. Mississippi, W. D.

Oct. 13, 1972.

Lowell E. Grisham, of Ethridge & Grisham, Oxford, Miss., for the plaintiffs.

Jon M. Barnwell, Brewer, Luckett & Shackelford, Clarksdale, Miss., for Pennzoil United, Inc.

Charles C. Finch, Batesville, Miss., for Whirlpool Corp.

Will A. Hickman, Sumners & Hickman, Oxford, Miss., for Aaron Beard.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action has been submitted to the court on briefs without oral argument on the motion of plaintiffs for their severance and for a separate trial. Defendant, Pennzoil United, Inc. (Pennzoil), and third party defendants, Whirlpool Corporation (Whirlpool), and Aaron Beard (Beard), oppose the motion. The matter is now ripe for decision.

## I. THE PLEADINGS

Plaintiffs have filed herein a products liability suit against defendant, Pennzoil. Thereafter, Pennzoil, with the approval of the court, filed a third party complaint impleading Whirlpool and Beard on the theory that if Pennzoil were liable to plaintiffs the third party defendants would be liable to it for in-demnification. Both third party defendants have filed a motion to dismiss and/or strike the third party complaint. The plaintiffs have filed a motion for a separate trial. The third party defendants have agreed to hold their motions to dismiss in abeyance pending the court's determination of the separate trial issue. Here, the court might make some distinction between the terms "separate trial" and "severance". A "separate trial" as to one or more co-defendant or third party defendants always results in a single judgment, while a "severance" creates independent actions which may result in different judgments.

## II. APPLICABLE RULES [1]

A. Rule 1 provides, in part, that "These rules . . . shall be construed to secure the just, speedy, and inexpensive determination of every action."

B. Rule 14(a) provides, in part, "The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. . . . Any party may move to strike the third-party claim, or for its severance or separate trial."

C. Rule 21 provides, in part, "Any claim against a party may be severed and proceeded with separately."

D. Rule 42(b) provides, in part, "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, . . . always preserving in-

---

1. Federal Rules of Civil Procedure.

violate the right of trial by jury.
. . . "

E. Rule 54(b) applies to judgments upon multiple claims or involving multiple parties, and Rule 68 applies to offers of judgment, both of which might conveivably have application in this action.

## III. THE ISSUE

■■ The trial court is vested with broad discretion to order a separate trial of any claim, or third party claim, of any separate issue in order to further convenience or to avoid prejudice. The question is usually addressed to the sound discretion of the court. Fidelity and Casualty Company of New York v. Mills, 319 F.2d 63 (5th Cir. 1963). The factors which the court must take into consideration are those listed in Rule 42(b); (a) the furtherance of convenience or to avoid prejudice, and (b) conducive to expedition and economy. The United States Court of Appeals for the Fifth Circuit has noted that the normal lawsuit seldom requires a separate trial of the issues. However, if the court must order separate trials, the issues of convenience to the court and serious prejudice to the rights of some of the parties should be considered. Normally, the movant must make a showing that he will be seriously prejudiced without a separate trial. Also, the issues to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice. Swofford v. B & W Incorporated, 336 F.2d 406, 415 (5th Cir. 1964).

■ In this action plaintiffs apparently seek a separate trial because they do not want trial before a jury. The only party to request a jury trial was the third party defendant, Whirlpool. Moreover, the plaintiffs claim that their case is very simple and that the case between the defendant and the third party defendants is very complex; therefore, they request the opportunity to try their issues separate from the other issues. A similar situation arose in the case of Gladden v. Cia De Commercio Y Vapores S.A., 26 F.R.D. 155 (E.D.Pa.1960). In that case the court held "Plaintiff's case can be tried fairly, defendants' interest protected, and the Court's burden lessened by refusing plaintiff's motion for separate trials." [2]

In this action the third party defendants claim possible prejudice by a separate trial. For example, they desire to participate in a single action in order to minimize the possible damages which the plaintiff may recover—damages for which they may have to indemnify defendant. Also, the third party defendants may assert defenses against the plaintiff. Rule 14. In short, it is asserted that the entire case would have to be retried because the same witnesses will be involved, and the issues are the same. As to the defendant, Pennzoil, if it is exposed to liability on plaintiffs' claim, a separate trial would result in a delay before it could be indemnified.

In Weitort v. A. H. Bull & Company, 192 F.Supp. 165, 167 (E.D.Pa.1961), the court said "This court has stated that where, as in this case, the same witnesses are involved in two claims, a motion for their severance for purposes of trial will be denied." Moreover, "the determining factors in deciding whether an application for separate trials shall be granted are 'the doing of justice, the avoidance of prejudice, and the furtherance of convenience.' " Weitort v. A. H. Bull & Company, *supra,* at 167. In Moss v. Associated Transport, Inc., 344 F.2d 23 (6th Cir. 1965), the court held: "We add the caveat expressed in (citation omitted) that separation of issues 'should be resorted to only in the exercise of informed discretion and in a case and at a juncture which move the court to conclude that such action will really further convenience or avoid prejudice'

2. 26 F.R.D. at 157.

and observe further that '[a] paramount consideration at all times in the administration of justice is a fair and impartial trial to all litigants. Considerations of economy of time, money and convenience of witnesses must yield thereto.' " [3]

In summary, the court has determined that substantial justice can be afforded all litigants in the single trial, that no prejudice will result to plaintiffs because of the failure of the court to grant them a separate trial, and that the convenience of the court and the parties will be served by trying all issues in a single trial.

An order will be entered overruling the motion.