**FEDERAL LIFE INSURANCE COMPANY (MUTUAL)**

v.

**FIRST FINANCIAL GROUP OF TEXAS, INC., Bill H. Howton and Vining Towner Reynolds, Jr.**

Civ. A. No. H–79–1757.

United States District Court,
S. D. Texas,
Houston Division.

Feb. 13, 1980.

Law, Snakard, Brown & Gambill, Robert F. Watson, Fort Worth, Tex., and Foreman, Dyess, Prewett, Rosenberg & Henderson, Edward John O'Neill, Jr., Houston, Tex., for plaintiff.

McFarland & Tondre, Brice A. Tondre, James A. Moore and Brian J. Almengual, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

STERLING, District Judge.

Presently pending before the Court is the motion of Plaintiff Federal Life Insurance Company (Mutual) [hereinafter Federal Life] to sever the claims against the individual Defendants. The motion is opposed by Defendant First Financial Group of Texas, Inc., [hereinafter First Financial]. Neither side has filed a brief. Plaintiff appears to be proceeding under Rule 21 and Defendants appear to assume that Plaintiff is invoking Rule 42(b), Fed.R.Civ.P. In any event, Plaintiff seeks to proceed separately against Defendants Vining Towner Reynolds, Jr. [hereinafter Reynolds] and Bill H. Howton [hereinafter Howton].

Plaintiffs suit against the corporate Defendant First Financial is presently stayed by virtue of the filing of an Involuntary Petition in Bankruptcy against First Financial on October 5, 1979, (Cause No. 79–00744–H). 11 U.S.C. § 362.

Section 362(a)(1) of the Bankruptcy Reform Act of 1978 [hereinafter Reform Act] provides for an automatic stay, effective against all entities, of any proceeding to recover a claim against the debtor. 11 U.S.C. § 362(a)(1). It is clear that Plaintiff's suit does not fall within any of the statutory exceptions. *See*, 11 U.S.C. § 362(b) (1979). The legislative history of § 362(a)(1) indicates that the scope of the stay is broad. It does not delineate the precise limits of the stay. *See*, Report of the Committee on the Judiciary, S.Rep. No. 95–989, 95th Cong.2d Sess. 50 (1978). The Reform Act consolidated into § 362(a) all of the stay provisions and related sections which had been scattered throughout former Title 11. *See*, 11 U.S.C. §§ 29(a), 513, 516(4), 714, 814, 828 and 1014 (1970) (current version at 11 U.S.C. § 362 (1979)). The most important of these stay provisions was § 29 which was incorporated into all but two of the other stay provisions. *See*, 11 U.S.C. §§ 516(4), 714, 814, 1014 (1970) (current version at 11 U.S.C. § 362 (1979)).

Under former Title 11, § 29, a stay was effective only against a pending suit "founded upon a claim from which a discharge would be a release." 11 U.S.C. § 29 (1970) (current version at 11 U.S.C. § 362 (1979)). Discharge in bankruptcy did not release a bankrupt from "liabilities for obtaining money or property by false pretenses or false representations." 11 U.S.C. § 35(a)(2) (1970) (current version at 11 U.S.C. § 523(a)(2) (1979)). Consequently, in ordinary bankruptcy proceedings under former Title 11, stays were not effective against actions, such as this one, for obtaining money by false pretenses or representations. *See, Personal Finance Co. v. Armour,* 186 F.2d 503, 504 (4th Cir. 1951); *Family Small Loan Co. v. Mason,* 67 F.2d 207 (4th Cir. 1933). No such limitation appears in the current Act.

■ The Court, under Rule 42(b), has broad discretionary powers. The Court may order a separate trial of any claim or separate issue in order to further convenience or to avoid prejudice. *Fidelity & Casualty Co. of New York v. Mills,* 319 F.2d 63 (5th Cir. 1963); *Lusk v. Pennzoil United Co.,* 56 F.R.D. 645 (N.D.Miss.1972). The separate trial of an issue or claim requires that it be "so distinct and separable from the others that a trial of it alone may be had without injustice." *Swofford v. B. & W., Inc.,* 336 F.2d 406, 415 (5th Cir. 1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965); *Lusk v. Pennzoil United, Inc., supra,* at 647.

■ However, ordering separate trials under Rule 42 would not avoid Plaintiff's problem. Plaintiff's sole basis for urging its motion is to avoid any delay or prejudice resulting from the automatic stay. What Plaintiff seeks is a severance under Rule 21. The allegations of Plaintiff's complaint are concerned with the actions of First Financial and Reynolds, in his capacity as a corporate officer. Defendant Howton's actions are not detailed in the complaint. The gravamen of Plaintiff's complaint is that First Financial, through its agent, Reynolds, secured monies from Plaintiff by fraud and misrepresentation. In the opinion of the Court Plaintiff's allegations against First Financial and Reynolds are inextricably interwoven, presenting common questions of law and fact, which can be resolved in one proceeding. *See, e. g., Weitort v. A. H. Bull & Co.,* 192 F.Supp. 165, 167 (E.D.Pa.1961); *Commercial Banking Corp. v. Indemnity Ins. Co. of North America,* 1 F.R.D. 380, 381–2 (E.D.Pa.1940).

For the Court to order a severance of the individual Defendants would not be conducive to judicial economy and would unduly hinder the efforts of the Bankruptcy Court. The Court is of the opinion that any resulting delay or prejudice to Plaintiff is outweighed by the considerations outlined. Moreover, Plaintiff's best recourse lies in the remedies afforded by the Reform Act. *See,* 11 U.S.C. § 362(d)–(f) (1979).

In light of the above, the Court is persuaded that the automatic stay applies to judicial proceedings against a debtor in bankruptcy and its co-defendants, when, as here, the allegations against them arise from the same factual and legal basis. Accordingly, the Court is of the opinion that further proceedings in this cause are stayed with respect to Defendant, First Financial and Defendants, Bill H. Howton and Vining Towner Reynolds unless the stay is lifted by the Bankruptcy Court.