Charlotte E. NEUBAUER, personally and as personal representative of the Estate of Clifford S. Neubauer, Joy Skofronick, personally and as personal representative of the Estate of Clifford E. Mason, Walter J. Presechnik, Clarence O. Reimer and Mary M. Reimer, Darwin Frank Witkowski, Sr., and Eleanore Witkowski, Hertha E. Lillge, Individually and as Personal Representative of the Estate of Clarence P. Lillge, Deceased, Erich E. Eckoldt and Mamie Eckoldt, Robert J. Gaynor and Lavellette Gaynor, Plaintiffs,

v.

OWENS–CORNING FIBERGLAS CORPORATION, a foreign corporation, et al., Defendants, et al.

William GLOBIG and Kathrine A. Globig, Robert A. Wetzel and Grace M. Wetzel, Plaintiffs,

v.

JOHNS–MANVILLE SALES COMPANY, Defendants, et al.

John J. GUNKA and Evagaline Gunka, Plaintiffs,

v.

JOHNS–MANVILLE CORPORATION, a foreign corporation, Johns-Manville Sales Company, a foreign corporation, and Eagle-Picher Industries, a foreign corporation, Defendants.

Civ. A. Nos. 77–C–52, 77–C–446, 77–C–491, 77–C–492, 78–C–43, 78–C–44, 78–C–131, 78–C–544, 79–C–117, 79–C–980 and 82–C–891.

United States District Court, E.D. Wisconsin.

Jan. 7, 1983.

Albert J. Goldberg, Milwaukee, Wis., for all plaintiffs.

Kurt H. Frauen and Mark Young, Milwaukee, Wis., for Owens-Corning Fiberglas Corp.

Donald H. Carlson, Milwaukee, Wis., for Johns-Manville Sales Co.

Daniel J. Stangle and Donald Lieb, Milwaukee, Wis., for Keene Corp.

Jeffrey A. Schmeckpeper, Milwaukee, Wis., for Eagle-Picher Industries, Inc.

John D. Bird, Jr., Milwaukee, Wis., for Jim Walter Corp. and Celotex Corp.

Jack R. Wiedabach and Thomas N. Harrington, Milwaukee, Wis., for Fireboard Corp.

Harney B. Stover, Jr. and James E. Culhane, Milwaukee, Wis., for GAF Corp.

Richard S. Gibbs and John R. Hoaglund, Jr., Milwaukee, Wis., for Owens-Illinois, Inc.

James P. O'Neill, Milwaukee, Wis., for Atlas Asbestos Co.

Frank R. Terschan and Dennis Grzezinski, Milwaukee, Wis., for Nicolet Inc.

Arthur J. Vlasak, Milwaukee, Wis., for Forty-Eight Insulations, Inc.

Stanley F. Schellinger, James G. Doyle, and Robert R. Beltz, Milwaukee, Wis., for Standard Asbestos Mfg. and Insulating Co.

Michael J. Pfau and Eric Van Bugt, Milwaukee, Wis., for Unarco Industries, Inc.

Peter S. Nelson, Appleton, Wis., for Armstrong Cork Co.

James P. Brennan, Milwaukee, Wis., for Raybestos Manhattan, Inc.

James A. Pitts, Racine, Wis., for Pittsburgh, Corning Corp.

Hanlin J. Hayes, Tom E. Hayes and James Samuelsen, Milwaukee, Wis., Richard J. Kreul, Racine, Wis., for H.K. Porter Co., Inc. and Southern Asbestos Co.

Kenneth M. Kenney, Milwaukee, Wis., for Rock Wood Mfg. Co. in 79–C–980 only.

Arnold J. Wightman, Madison, Wis., for Ryder Industries, Inc. in 79–C–980 only.

James J. Murphy and Richard W. White, Milwaukee, Wis., for John J. Gunka and Evagaline Gunka in 82–C–891.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Pursuant to orders entered on December 4, 1979 and January 15, 1981, all of the above-entitled actions except *Gunka v. Johns-Manville Corporation,* No. 82–C–891 (filed July 22, 1982), were consolidated for pretrial purposes. All of the above-entitled actions involve products liability claims against manufacturers of asbestos products.

On January 9, 1981, this Court, 504 F.Supp. 1210, denied various motions for summary judgment in the consolidated cases based on the plaintiffs' failure to file suit within the time allowed by the statute of limitations. This issue was certified for interlocutory appeal, and on August 13, 1982, the Seventh Circuit issued its decision, 686 F.2d 570, and remanded the consolidated cases to this Court.

Two parties to these actions have now filed petitions in bankruptcy. On July 29, 1982, Unarco Industries, Inc., a third-party defendant in a number of consolidated cases, filed its petition for reorganization. Johns-Manville Corporation, a defendant in all of these actions, followed suit by filing its petition for reorganization on August 26, 1982.

Presently before the Court are the motions of Eagle-Picher Industries, Inc. (both in the consolidated cases and in No. 82–C–891), Pittsburgh Corning Corp., and of Fireboard Corp. for an order confirming that these actions are stayed as a result of the automatic stay provision of the Bankruptcy Reform Act of 1978. These motions are joined in by Raybestos-Manhattan, Inc., Rock Wool Manufacturing Co., Keene Corp., GAF Corp., Jim Walter Corp., Celotex Corp., and Forty-Eight Insulations, Inc. The plaintiffs in the consolidated cases did not file any responses to these motions, but the plaintiffs in *Gunka* did. An additional motion presently before the Court is Eagle-Picher's motion for a protective order in No. 82–C–891. The basis for that motion is the presumed stay of the action.

Section 362(a)(1) of 11 U.S.C. provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of—(1) the commencement or continuation * * * of a judicial * * * proceeding against the debtor." The movants argue that this provision automatically stays the entire judicial proceeding as to any codefendants as well as the debtor-defendant, rather than just staying proceedings against the debtor and permitting proceedings against codefendants. Because this Court cannot agree with the movants' con-

struction of § 362(a)(1), the motions to confirm a stay of all proceedings must be denied.

Although stays have been entered as to all defendants in a number of asbestos cases, including two in this district and two in the Western District of Wisconsin,* those cases that have carefully considered whether § 362 operates to stay proceedings against nonbankrupt codefendants have unanimously held that it does not. See *Evans v. Johns-Manville Sales Corp.,* No. 80–2939, slip op. (D.N.J. Oct. 5, 1982); *In re Related Asbestos Cases,* 23 B.R. 523 (D.C.N. D.Cal.1982); *Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena, S.A.,* 10 B.R. 488 (D.C.N.D.Ill.1981) (no stay of proceedings against codebtor under lease); and *In re Larmar Estates, Inc.,* 5 B.R. 328 (Bkrtcy.E.D.N.Y.1980) (no stay of proceedings against guarantor of loan made to codefendant debtor).

In deciding that the claims against the debtor may be severed and that the proceedings against codefendants are not stayed by operation of § 362, these courts have relied principally on the legislative history of that section and on the lack of support for such an expansive construction of § 362. The legislative history demonstrates that the purpose of the stay is to "give[ ] the debtor a breathing spell from his creditors," S.Rep. No. 989, 95th Cong., 2d Sess. 54, *reprinted in* [1978] U.S.Code Cong. & Ad.News 5787, 5840; and to protect creditors from a race for the debtor's assets, H.R.Rep. No. 595, 95th Cong., 2d Sess. 340, *reprinted in* [1978] U.S.Code Cong. & Ad.News 5963, 6297. Extending the stay to nonbankrupt codefendants furthers neither of these purposes, and refusing to stay proceedings against nonbankrupt codefendants impairs neither of these purposes.

The stay provision of § 362 should be contrasted with the provision of the Bankruptcy Reform Act of 1978 relating to Chapter 13 filings. There, Congress explicitly provided that a creditor may not act to collect all or part of a consumer debt from "any individual that is liable on such debt with the debtor," 11 U.S.C. § 1301(a). Since Congress explicitly applied the stay under § 1301 to nonbankrupt codebtors and did not do so under § 362, presumably Congress did not intend § 362's stay to apply to nonbankrupt codebtors.

None of the cases cited by the movants explicitly hold that § 362 stays proceedings against nonbankrupt codefendants. *In re White Motor Credit Corp.,* 11 B.R. 294 (Bkrtcy.N.D.Ohio 1981), stated that § 362 stayed judicial proceedings against codefendants, but that statement was mere dicta, *In re Related Asbestos Cases,* 23 B.R. 523 at 529–530. The bankruptcy court did not provide a careful analysis of the issue.

Defendant Eagle-Picher has referred this Court to the decision of Judge Joyce Green in *Brandenburg v. Johns-Manville Sales Corp.,* No. 81–1832, slip op. (D.D.C. Sept. 14, 1982), as a well considered decision which extended the stay to nonbankrupt codefendants in an asbestos case. However, a review of the decision indicates that the court there did not hold that § 362 required a stay as to all defendants, but rather that as a discretionary matter, the court exercised its inherent power to stay the proceedings before it, *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936). After referring to the parties' arguments about the scope of § 362, the Court concluded:

"Although the law is somewhat ambiguous, all parties concede that where common issues of law and fact are inextricably interwoven the Court should stay all proceedings against the solvent co-defendants, whether such action be deemed mandatory or a matter of discretion. Unquestionably, any delay at this time prejudices all. Yet, the Court is persuaded that the common issues of law and fact, and the considerations herein

* *Desmarais v. Johns-Manville Corp.,* No. 81–C– 431 (E.D.Wis. Nov. 4, 1982); *Scheible v. Johns-Manville Corp.,* No. 81–C–341 (E.D.Wis. Nov. 4, 1982) (both cases before Evans, J.); *Triggs v.* *Johns-Manville Corp.,* No. 81–C–528 (W.D.Wis. Sept. 14, 1982); *Evetts v. Johns-Manville Corp.,* No. 81–C–208 (W.D.Wis. Sept. 14, 1982) (both cases before Shabaz, J.).

make it important, if not necessary, to try this case as an entity and that any delay prejudicing plaintiff is outweighed by those considerations. Any severance of claims or parties would result in a great disservice not merely to judicial economy but also to the ability of the parties on both sides to gain full access to all the defendants in the same proceeding before the same jury. It would be abundantly unjust to deprive Johns-Manville and Unarco of participation rights while their solvent co-defendants are permitted to participate, and equally unjust to require the solvent defendants to proceed to trial without the benefit and presence of Johns-Manville and Unarco."

*Brandenburg,* slip op. at 3. The Court's considerations reflected in the quoted language provides a basis for a discretionary stay and not for concluding that § 362 mandates a stay.

*Federal Life Insurance Co. v. First Financial Group of Texas, Inc.,* 3 B.R. 375 (D.C.S.D.Tex.1980), also relied on by the movants, falls into the same category as *Brandenburg.* There the Court refused to sever the plaintiff's claim against the individual defendants who were officers of the bankrupt corporation because to do so "would not be conducive to judicial economy," 3 B.R. at 376. Section 362 did not provide the basis for refusing to sever the claims against the codefendants.

If the defendants are liable as joint tort feasors, they would be jointly and severally liable. Therefore, this Court need not inquire as to what effect § 362 would have on claims against defendants whose liability is derivative from that of the bankrupt. Under Rule 42(b) of the Federal Rules of Civil Procedure, this Court may sever the claims against Johns-Manville and Unarco from the claims against nonbankrupt parties.

On balance, a stay would not be in the interests of justice. Proceeding with these actions may cause some inconvenience to the defendants and third-party defendants, but staying the actions pending the outcome of the bankruptcy proceedings would greatly cost the plaintiffs, many of whom have suffered great financial hardships. Many of these cases are already over five years old. At least in the *Gunka* case, the plaintiff has been diagnosed as terminally ill, and delay may deprive the Court of his testimony. Therefore, the Court will deny the motions to confirm a stay of these actions and will sever all claims against Johns-Manville Corporation, Johns-Manville Sales Company, and Unarco Industries, Inc.

To determine how to proceed with these actions from this point, status conferences for each action will be set. Because the Court believes that the consolidated actions have become unmanageable in consolidated form, these actions will be severed for all future proceedings. Trial schedules will be set at these conferences.

THEREFORE, IT IS ORDERED that:

1. The motions for an order confirming a stay of proceedings brought by Eagle-Picher Industries, Inc., in No. 82–C–891, and by Eagle-Picher Industries, Inc., Pittsburgh Corning Corp., and Fireboard Corp. in the cases consolidated under Case No. 77–C–52 are denied.

2. All claims against defendants Johns-Manville Corporation and Johns-Manville Sales Company and against third-party defendant Unarco Industries, Inc., in the cases consolidated under No. 77–C–52 and in No. 82–C–891 are ordered severed from the other claims pending in these actions.

3. The motion for a protective order brought by defendant Eagle-Picher Industries, Inc., in No. 82–C–891 is denied.

4. The orders consolidating the actions consolidated under No. 77–C–52 are vacated, and the consolidated actions are hereby severed. A scheduling conference for each action will be set by the clerk.