**In re POLYTOP CORP., Debtor.**

**POLYTOP CORP., Plaintiff,**

**v.**

**GLOBE PLASTICS, INC., Defendant.**

**Bankruptcy No. 79220.**

United States Bankruptcy Court, D. Rhode Island.

July 29, 1983.

See also Bkrtcy., 20 B.R. 976.

Edward J. Bertozzi, Jr., Edwards & Angell, Providence, R.I., for plaintiff.

William C. Hillman, Strauss, Factor, Hillman & Lopes, Providence, R.I., for defendant.

## OPINION DETERMINING DEFENDANT TO BE IN VIOLATION OF ORDERS AND AUTOMATIC STAY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the Defendant, Globe Plastics, Inc.'s motion for reconsideration of this Court's June 18, 1982 order requiring Globe to dismiss a lawsuit which it had commenced in California against Polytop and a number of other defendants. Globe does not contest the order of dismissal as to Polytop, but requests that it be permitted to continue its California action as to John Lindley, a Polytop employee. At issue is whether the commencement and/or continuation of Globe's suit against John Lindley constitutes a violation of § 314 of the Bankruptcy Act,[1] as well as a disregard of a specific order of this Court prohibiting actions against the debtor.

### FACTS

The relevant facts and travel appear briefly as follows: Simultaneous with the filing, Polytop obtained an order which prohibited the commencement of any action against the debtor.[2] Sixteen months later, on November 12, 1980, Globe filed the complaint in question in the Superior Court for Orange County, California, naming, among others, Polytop and John Lindley, as defendants. On February 11, 1982 Polytop filed a motion requesting that Globe be adjudged in contempt, and that Globe be required to dismiss the California action. After hearing, by order dated June 18, 1982 the Court ordered Globe "to dismiss its pending suit in the California Superior Court," holding that Globe had in fact violated the July 16, 1979 restraining order. Globe filed a motion for reconsideration of that order, seeking to have said order of dismissal applicable only to Polytop, and permitting Globe to continue the action against the remaining defendants, including Lindley. Polytop objected to that argument, contending that the order of dismissal should apply to Lindley as well. Globe contends that: (1) this Court does not have

---

1. This "Old Act" case was filed on July 16, 1979.

2. Paragraph 9 of the Court's July 16, 1979 order states:

   That all persons, firms and corporations are hereby enjoined from instituting, commencing, prosecuting or continuing the prosecution of any actions, suits or proceedings at law or in equity, or under any statute, against the debtor ... until after entry of the final decree herein.

jurisdiction to order dismissal as to Lindley, and (2) the action against Lindley does not interfere with Polytop's business or constitute a violation of the stay. The debtor argues that the California action should be dismissed as to both Polytop and Lindley, because the allegations against Lindley concern acts performed by him in his capacity as Polytop's employee.

Upon consideration of the memoranda, the affidavits, and answers to interrogatories provided by the parties,[3] both of Globe's arguments are rejected. For the following reasons, we conclude that the California action should be dismissed as against John Lindley as well as Polytop Corp.

## DISCUSSION

■ With respect to Globe's jurisdictional argument, the bankruptcy court has the power to stay suits brought in other courts which may impair the debtor's plan and administration of the estate. *In re Neisner Brothers, Inc.,* 4 B.C.D. 710, 711 (Bkrtcy.S.D.N.Y.1978). This authority is based on § 314 of the Bankruptcy Act and Rule 11–44 of the Rules of Bankruptcy Procedure, both of which provide for a stay of proceedings against the debtor.[4] Additionally, § 2(a)(15) of the Act enables the Court to "[m]ake such orders, issue such process, and enter such judgments, ... as may be necessary for the enforcement of the provi-

sions of this Act...." *See Diners Club, Inc. v. Bumb,* 421 F.2d 396 (9th Cir.1970) (bankruptcy court may enjoin action which would interfere with administration even if defendant is trustee or manager); *American National Trust v. Shanklin,* 420 F.2d 1117, 1119 (7th Cir.), *cert. denied,* 400 U.S. 823, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970) (bankruptcy court may stay proceedings which violate its express orders); *In re Neisner Brothers, Inc.,* 4 B.C.D. 710 (Bkrtcy.S.D.N.Y.1978) (suits may be enjoined if they impair bankruptcy court jurisdiction in administering estates).

■ As to its second contention, the complaint filed by Globe in the California Superior Court contains allegations against Lindley for the misappropriation and use of trade secrets, customer lists, the Polytop trademark, and other personal property used in the compression molding part of the business, all of which were the subject of a purchase and sale agreement previously executed between Polytop and Globe. As mentioned above, Polytop is also a named defendant in the complaint and similar allegations are made against it for the alleged breach of its agreement of sale with Globe regarding the property referred to above.

By affidavit, Defendant Lindley states that his employment with Polytop has been full time and continuous since November 1976. Polytop emphatically joins in that contention.[5] I conclude from what is before

3. On May 18, 1983 the parties stipulated that the interrogatories, answers to interrogatories, and affidavits in question are part of the record and to be considered by the Court for the purpose of ruling on this motion.

4. Section 314 of the Bankruptcy Act provides:
    SEC. 314. The court may, in addition to the relief provided by section 11 of this Act and elsewhere under this chapter, enjoin or stay until final decree the commencement or continuation of suits other than suits to enforce liens upon the property of a debtor, and may, upon notice and for cause shown, enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon the property of a debtor.
    This section is supplemented and reinforced by Rule 11–44 of the Rules of Bankruptcy Procedure:

(a) *Stay of Actions and Lien Enforcement.* A petition filed under Rule 11–6 or 11–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding, except a case pending under Chapter X of the Act, for the purpose of the rehabilitation of the debtor or the liquidation of his estate.

5. Indeed, based on its representations to the Court relative to this dispute, Polytop would be hard pressed, even estopped, to deny Lindley's agency at any time in the future.

me that the record supports the position that the allegations made by Globe necessarily concern actions by Lindley in his capacity as an employee of Polytop. It probably would require a full hearing on the merits to determine with certainty whether Lindley's actions were within the scope of his employment with Polytop. For the purpose of this motion, and based upon information provided by the parties, including the unequivocal position taken by Polytop with respect to Lindley's agency, it is clear that Lindley has at all relevant times been acting within the scope of his employment; nothing presented by Globe in this proceeding has persuaded the Court that it should rule otherwise.

Polytop argues that because of that potential liability, it will be required to incur the expense of defending Lindley in Globe's suit against him in any event. The need to defend the action against Lindley in California, as well as the likelihood of being subjected to potential liability as his employer have a direct effect upon the debtor's estate. This constitutes interference with the reorganization.

The allegations against both Lindley and Polytop in the original complaint deal with a purchase and sale agreement executed while Lindley was in charge of the compression molding operation at Polytop. The complaint also alleges the non-delivery of said property. We conclude, based upon a review of the record as submitted by stipulation, and based on the likely application of the doctrine of respondeat superior, that the claims against Polytop and Lindley are "inextricably interwoven, presenting common questions of law and fact which can be resolved in one proceeding." *Federal Life Insurance Co. (Mutual) v. First Financial Group of Texas*, 3 B.R. 375, 376 (D.C.S.D. Tex.1980). This ruling in no way terminates or deals in any substantive way with Globe's rights against either Polytop or Lindley—it merely establishes this Court as the forum for any litigation between the parties during the pendency of this arrangement proceeding. It can also be said

with certainty that the matter may be heard here on the merits as soon as the parties are ready to proceed to trial—a fact which I doubt would be true in the California Superior Court.

For the reasons discussed above, I conclude that the California action commenced by Globe against John Lindley violates this Court's July 16, 1979 order, as well as § 314 of the Bankruptcy Act.

Enter order accordingly.