Samuels *v.* Johnson et al., Appellants.

Argued December 2, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused January 28, 1947.

*James J. Burns, Jr.,* with him *Gustav M. Berg,* for appellants.

*John E. Evans, Jr.,* with him *Evans, Evans & Spinelli, Harold H. Harter,* and *Wallace M. Parker,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 6, 1947:

This was an action in trespass brought by Julia Samuels against Karl C. Johnson, Sr., and his minor son, Karl C. Johnson, Jr., to recover for personal injuries sustained when an automobile owned by the former and operated by the latter collided with an autobile owned and operated by Eugene W. Yost, in which she was riding as a passenger. Yost was brought upon the record as additional defendant in this action and a separate action was instituted by the Johnsons against Yost for personal injuries and property damage, in which action Yost filed a counterclaim.

These two actions and a third action brought by Charles A. Schweitzer and Catherine Schweitzer, his wife, also passengers in the Yost machine, against the Johnsons, original defendants, and Yost, additional defendant, were all tried together before one jury with the following results[1]: in *Samuels v. Johnson, Sr.,* defendant, and *Yost and Johnson, Jr.,* additional defendants, verdict for defendants; in *Schweitzer and Schweitzer v. Johnson, Sr.,* defendant, and *Yost and Johnson, Jr.,* additional defendants, verdict for defendants; in *Johnson, Sr. and Johnson, Jr. v. Yost,* verdict for Johnson, Sr., in the amount of $1200 and verdict for Johnson, Jr. in the amount of $100. Plaintiffs in the

---

[1] At the trial plaintiffs in the *Samuels* and *Schweitzer* cases were permitted to suffer voluntary nonsuits as to the defendant, Karl C. Johnson, Jr., over objection, and on motion of counsel for the Johnsons he was retained on the record as an additional defendant.

*Samuels* and *Schweitzer* cases filed motions for a new trial which the court below granted as to all defendants. Yost also moved for a new trial in the action brought against him by the Johnsons, but the motion was later withdrawn and judgment on the verdict against him has since been paid and satisfied. Karl C. Johnson, Sr. and Karl C. Johnson, Jr. have appealed from the granting of a new trial as to them.

Appellants state: "The only question raised by these appeals is a legal one, namely, is the judgment in *Johnson v. Yost,* in favor of the Johnsons, determinative of their liability arising out of this accident." Clearly *that* judgment, unappealed from, is determinative of their liability in that action. It is not, however, determinative of their liability in *this* action.

The case relied upon by appellants as authority for the proposition that judgment in their favor in *Johnson and Johnson v. Yost* is *res judicata* as to their negligence here, *Barker v. Barrett,* 145 Pa. Superior Ct. 22, 20 A. 2d 812, is authority for exactly the opposite. That case involved a collision between an automobile owned by Felker and another owned by Barrett and driven by Barchfield. Barrett instituted an action against Felker and a second action was brought by Barker, a passenger in the Felker automobile, against Barrett and Barchfield jointly. In the latter action Felker was brought in as additional defendant. Both actions were tried together, resulting in a verdict for Barrett in his action against Felker, and a verdict for defendants in the action brought by Barker, the injured passenger. Barker was granted a new trial as to the additional defendant, Felker, but was refused a new trial as to original defendants, Barrett and Barchfield, on the ground that the judgment on the verdict in the case of *Barrett v. Felker* was *res judicata* as to Felker's negligence. On appeal by Felker from the order granting a new trial as to her only, the appeal was dismissed for the principal reason that the judgment on the verdict in favor of

original defendants, unappealed from by either plaintiff or the additional defendant, would necessarily be *res judicata* as to them on any retrial of the case. On the correctness of the trial court's reason for refusing a new trial as to original defendants, however, the Superior Court, opinion by KELLER, P. J., had this to say (p. 25): "The court may have erred in its opinion in holding that the verdict in the case of *Barrett v. Felker,* which was tried at the same time, and is now satisfied, was *res judicata* as to Felker's negligence in this action (*Woodburn v. Penna. R. R. Co.,* 294 Pa. 174, 144 A. 93; *Bennett, Trustee v. Erwin,* 325 Pa. 330, 333, 189 A. 675; *Phila. Auburn-Cord Co. v. Shockcor,* 133 Pa. Superior Ct. 138, 2 A.2d 501; *Bertolet v. Lanard,* 135 Pa. Superior Ct. 245, 252, 5 A.2d 441), but the action may be right, even though the reason given for it in the opinion was wrong." See also *Hegarty v. Berger,* 304 Pa. 221, 225, 155 A. 484.

In *Fitzpatrick v. Sheppard,* 346 Pa. 240, 29 A.2d 475, also relied upon by appellants, the jury, in a trespass action against two defendants, Sheppard and McCombs, found against Sheppard and in favor of McCombs. An order granting a new trial as to both defendants was reversed as to McCombs on appeal, because the opinion of the court below disclosed that except for the one reason assigned, which had to do solely with the issue between plaintiff and Sheppard, and did not involve the consideration of any oral or other evidence, a new trial would not have been granted as to McCombs. Here the opinion of the court below does not disclose that it would have refused to grant a new trial as to either or all of the defendants but for reasons distinctly set forth, not involving the consideration of oral evidence, and, consequently, no appeal lies: *Fitzpatrick v. Sheppard,* supra, 241; *Class and Nachod Brewing Co. v. Giacobello,* 277 Pa. 530, 538, 121 A. 333.

The opinion granting the new trial states: "The passengers were not at fault. They were clearly entitled

to a verdict against Yost, against the Johnsons, or against both. Justice demands that the passenger plaintiffs be granted a new trial against all the defendants." The court below having concluded that justice requires a new trial as to all the defendants, its order to that effect will not be disturbed, in accordance with our usual practice in such cases: *Brogan v. Philadelphia,* 346 Pa. 208, 210, 29 A.2d 671.

Appellants also complain that the order granting a new trial directed that this case be tried separately from the action brought by the Schweitzers. This was done for the reason, as stated in the opinion written by the trial judge, that "The trial of these cases has shown that the issues are too numerous and complicated to be tried together." This was a matter for the discretion of the court below, not reviewable on appeal. See *Culver v. Lehigh Valley Transit Company,* 322 Pa. 503, 510, 186 A. 70.

Judgment affirmed.