Ragano, Appellant, *v.* Socony Vacuum Oil Co.

Argued October 8, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*J. Thomas Hoffman,* with him *Coleman Harrison* and *Homer W. King,* for appellants.

*Clyde A. Armstrong,* with him *William C. O'Neill* and *Thorp, Reed & Armstrong,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, January 12, 1954:

Plaintiffs appeal from the order of the court below refusing to take off a compulsory nonsuit in this action of trespass for personal injuries suffered by the wife-plaintiff. Viewed in a light most favorable to the plaintiffs, the latter's evidence established the following facts: About 9:00 P.M. on December 27, 1948, the automobile of one Ehland was legally parked in front of Kaufmann's Department Store in the city of Pittsburgh. Ehland discovered that his left rear tire was flat and went to the service station of the Socony Vacuum Oil Co. and asked the attendant to repair it. The attendant told him that he could not do so but turned to one "Slim" Dalton and said: "Slim, do you want to make a buck and fix this man's tire?" Dalton hesitated and then told Ehland that he would, and asked the attendant if he could borrow the jack. Having borrowed the jack and two other tools, Dalton proceeded to the car with Ehland.

He placed the jack under the left rear wheel with the handle extended back and proceeded to remove the tire. As he was replacing the wheel, after repairing the tire at the appellee's service station, the wife-plaintiff proceeded on the street between the parked cars in an attempt to board a trolley. Failing in this she walked toward the sidewalk between the automobile of Ehland and the one to the rear of it, when she tripped and fell over the jack handle, sustaining personal injuries.

As to the agency claimed to have existed between the defendant, Socony Vacuum Oil Co., and Dalton,

two witnesses testified that they had dealt with the appellee; that occasionally Dalton would take their cars at the station after they had told him what they wanted done; that at times they paid Dalton for what he did and at other times had the attendant charge it. They stated that the attendants were in uniform while Dalton was not; that the latter was not always at the station but was there "when he wasn't drunk"; that Dalton had never repaired their tires. In the instant case Dalton was paid by Ehland for the repair of his tire and there was no proof that he did anything but obtain the full amount for himself.

The most that can be said is that the plaintiffs established Dalton as a sort of hanger-on of the Socony Vacuum Oil Co. who picked up what money he could by performing various services for appellee's customers with appellee's permission. He was paid by the individuals, although at times, at the customer's request, the attendant would pay the cost to Dalton and obtain reimbursement from the customer purely as a courtesy to the customer. Appellee's attendants were always in uniform; Dalton never was. Nor was he always present; in fact one of the plaintiffs' witnesses said that Dalton would be at the station "when he wasn't drunk."

The conversation leading to Dalton's engagement by Ehland to fix the tire shows that he was not an employe. He was asked by the attendant if he wanted "to make a buck and fix this man's tire." He was not ordered or directed by the appellee, nor was he paid by the company. Instead, he was paid $1.50 by Ehland and there is nothing to show that any part of it went to the appellee. Dalton reluctantly agreed to do it, and being told by Ehland that he had no jack, asked to "borrow" appellee's, and was lent the jack and two other tools. Certainly none of the foregoing facts prove

employe relationship,—to the contrary they establish there was none. Everything the attendant did was a mere gratuity in lending aid to Dalton.

The plaintiffs' proof falls far short of that required to establish agency between Dalton and the appellee. "The characteristic of the employe relationship is that the master not only *controls the result* of the work but has the right to *direct the way* in which it shall be done. . .": *Johnson, Admr. v. Angretti*, 364 Pa. 602, 607, 73 A. 2d 666. (Italics supplied). " 'It is not the fact of actual interference or exercise of control by the employer, but the existence of the *right or authority to interfere or control*, which renders one a servant. . .' ": *Stevens v. Publishers Agency*, 170 Pa. Superior Ct. 385, 388, 85 A. 2d 696. (Italics supplied).

Approximately one year after instituting the present action, plaintiffs sued Ehland. Plaintiffs requested a consolidation of the two actions for trial, but the court below refused. The appellants contend that this was error, for the reason that they would have been able to call Ehland as on cross-examination if the consolidation had been granted. The matter of consolidation rests in the sound discretion of the court, and Rule 213 of Pa. R.C.P. merely provides that the court *may* order all of the actions consolidated. Consolidation is not a matter of right. We cannot say that the court abused its discretion in refusing it. See *Azinger v. Pennsylvania Railroad Company*, 262 Pa. 242, 105 A. 87; *Culver v. Lehigh Valley Transit Company*, 322 Pa. 503, 186 A. 70.

Order affirmed.