Rabben, Appellant, *v.* Steinberg.

Argued March 26, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*J. Leon Rabben,* with him *I. Irving Tubis,* for appellant.

*Samuel Melnick,* for appellee.

OPINION BY ERVIN, J., June 11, 1958:

Plaintiff, a lawyer, on August 21, 1957 sued defendant in assumpsit for legal fees and for costs advanced in defendant's behalf, arising out of plaintiff's representation of the defendant in various matters over a continuous period of years. The defendant filed preliminary objections to the complaint, setting up the statute of limitations as the principal objection. The plaintiff in turn filed preliminary objections and moved to strike off defendant's preliminary objections as being contrary to Pa. R. C. P. Nos. 1017(b) and 1030. The court below dismissed plaintiff's preliminary objections and sustained the defendant's preliminary objections and directed the plaintiff to file an amended complaint. The plaintiff filed an amended complaint, to which the defendant again filed preliminary objections setting up the statute of limitations. The plaintiff again filed preliminary objections and moved to strike off the defendant's preliminary objections. The court below again dismissed plaintiff's preliminary objections and sustained defendant's preliminary objections with leave to the plaintiff to file a second amended complaint within twenty days only "for claims within the statute of limitations." The plaintiff appealed. The defendant filed a written motion to quash the appeal alleging that the order of the court below is interlocutory. This motion must be dismissed. The court below, in its opinion, stated: "It is obvious that any services performed by him prior to August 21, 1951 are barred by the statute of limitations."

Since the amended complaint indicates that most of the services and suits were started more than six years before this action was instituted, though many of the matters were not completed and are still in litigation, the order of the court below, though it permitted the plaintiff to amend, so restricted the plain-

tiff's claim as to effectively put him out of court and eliminate most of his cause of action. That this was the intention of the court below is clear from the concluding sentence of its opinion, as follows: "Plaintiff has failed in two attempts to file a complaint which constitutes a legal cause of action, and . . . indicates to us that he has no sustainable cause of action, and we so find." The order of the court below is therefore definitive and appealable. An order sustaining preliminary objections to a complaint is definitive and therefore appealable where it so restricts the pleader in respect of further amendment as, virtually, to put him out of court on the cause of action which he seeks to litigate: *Sullivan v. Phila.*, 378 Pa. 648, 649, 107 A. 2d 854; *Ciletti v. Washington,* 378 Pa. 641, 107 A. 2d 871.

The statute of limitations should have been raised in new matter under Pa. R. C. P. No. 1030. The court below should have dismissed defendant's preliminary objections for this reason alone. *Thomas v. McLean,* 365 Pa. 526, 527, footnote, 76 A. 2d 413.

Since this matter will receive further attention by the court below we deem it proper to call its attention to the line of cases in Pennsylvania which clearly indicate that the statute of limitations does not begin to run against the claim of an attorney for conducting a suit until the end of his service: *Foster v. Jack,* 4 Watts 334; *Mosgrove v. Golden,* 101 Pa. 605, 613, 614; *Mattern v. McDivitt,* 113 Pa. 402, 6 A. 83; *Johnston v. McCain,* 145 Pa. 531, 538, 539, 22 A. 979. See also *McCoon v. Galbraith,* 29 Pa. 293; *Norris's Appeal,* 71 Pa. 106; *Ritchey's Est.,* 8 Pa. Superior Ct. 527.

Order reversed and the defendant's preliminary objections are dismissed with leave to the defendant to file an affidavit of defense within twenty days after the filing of this order in the court below.