## Brandywine Area Joint School Authority *v.* VanCor, Inc., Appellant.

Argued January 16, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Jerome Poltenstein,* with him *Richard Reifsnyder,* and *MacElree, Platt, Marrone & Harvey,* for appellants.

*James S. Kilpatrick, Jr.,* with him *Haws and Burke,* for appellee.

*William H. Lowery,* with him *Arthur W. Leibold, Jr.,* and *Dechert, Price & Rhoads,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, September 26, 1967:

Brandywine Area Joint School Authority filed an action of assumpsit against VanCor, Inc., and its surety, The Aetna Casualty and Surety Company. Brandy-

wine had entered into a construction contract with VanCor, covering the construction of three elementary schools. Contained in the contract was a provision requiring VanCor to remedy any defects, discovered within one year of completion, caused by defective materials or workmanship. In addition, the contract provided a longer period for the discovery of defects where the work was to be performed by subcontractors, and guarantees were required in the specifications for such longer periods.

After completion of the construction and final payment of the contract price, Brandywine discovered persistent roof leaks in the school structures and made a demand upon VanCor and its surety, Aetna, for correction of the alleged construction defects causing the leaks. VanCor and Aetna attempted to join a number of other parties as additional defendants. Among these were Buchart Associates and Camden Lime Company. Buchart was the architect who, under contract with Brandywine, had prepared the plans and specifications which formed the basis for the construction contract between Brandywine and VanCor. Camden Lime was a subcontractor which, under contract with VanCor, provided and installed precast concrete roof slabs for the construction jobs.

The additional defendant's complaint against Buchart alleged that Buchart had negligently designed the subject structures, and that this improper design was the cause of any deficiencies complained of by Brandywine. The complaint against Camden Lime alleged that Camden Lime had not supplied proper roof slabs, and that it negligently installed them. In essence, VanCor and Aetna alleged that if they were liable to Brandywine, either or both of these additional defendants were jointly liable or solely liable to Brandywine.

Both Buchart and Camden Lime filed preliminary objections to the complaints joining them as additional

defendants. Buchart alleged that the additional defendant's complaint served on it was not served within the time allowed by the Pennsylvania Rules of Civil Procedure, and further, that the attempted joinder constituted a misjoinder of causes of action. Camden Lime demurred on the basis that the attempted joinder constituted a misjoinder of causes of action. The court below sustained the preliminary objections of Buchart and Camden Lime, and dismissed the additional defendant's complaints against each of them. This appeal followed.

Before reaching the merits of the appeal, we must dispose of a motion to quash the appeal. The motion to quash was grounded on an averment that the order appealed from was not a final judgment and therefore unappealable.

The parties in their briefs sur the motion to quash have cited cases in which the court has considered appeals from orders dismissing additional defendant's complaints. In all such cases, the question of finality of the order of dismissal was not raised. We conclude that while an order overruling preliminary objections to an additional party's complaint is interlocutory, an order granting such objections and dismissing the complaint is final and appealable. Although the plaintiff in the additional party's complaint may have a further cause of action against the defendant in the additional party's complaint subsequent to the resolution of the basic litigation, he is precluded in that basic litigation from determining his rights vis-a-vis the additional defendant in that litigation. We shall, therefore, deny the motion to quash.

As to the merits, we are in agreement with the court below that the attempted joinder in each instance constitutes a misjoinder of causes of action. As stated by this court in *Altoona Cen. B. & T. Co. v. Am. Cas. Co.*, 415 Pa. 39, 202 A. 2d 29 (1964) : "The architect'

was not a party to either the construction contract or the performance bond. The original action against the surety on the bond is not the same cause of action pleaded against the architect. Pa. R. C. P. No. 2252 permits the joinder of a person not a party to the action where he may alone be liable or liable over *on the cause of action declared upon in the original suit.* Individuals who may be liable on an unrelated cause of action may not be joined: Steele v. Sheppard, 402 Pa. 33, 165 A. 2d 666 (1960). Further, it is the cause of action actually declared upon that controls the right of joinder and not another cause of action which the plaintiff *might* have declared upon." (Emphasis in original) See also *Marple Twp. v. Mar-Ann Holding Co.,* 404 Pa. 487, 172 A. 2d 804 (1961).

The same rationale is applicable to the subcontractor, Camden Lime. It was not a party to the construction contract or the performance bond. Its contract was with VanCor, and its joinder for allegedly furnishing improper materials and negligently installing them is impermissible.

It is true, as stated by appellants, that the sole question to be determined is who is responsible for the allegedly defective roofs. Desirable as it might be to determine this question in a single trial, the purpose of the joinder rules is to simplify, and not complicate, litigation. Were such joinders as these permitted, it would then be possible for the architect, for example, to join a structural engineer who has provided engineering data which formed a basis for the architectural plans. The possibility of joinders would be virtually limitless, and a trial of such complexity as to challenge the intelligence of any conceivable jury could easily result. We find no sound basis for altering the rule announced in *Altoona* and *Marple Twp.,* and will affirm the order of the court below.

Order affirmed.