Trinity Area School District *v.* Dickson
et al., Appellants.

Argued November 15, 1972. Before Wright, P. J., Watkins, Jacobs, Hoffman, Spaulding, Cercone, and Packel, JJ.

*Thomas F. Weis* and *Harry J. Zimmer,* with them *Raymond H. Conaway, Weis & Weis,* and *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellants.

*Samuel L. Rodgers,* with him *Rodgers and Roney,* for appellees.

*Williams D. Phillips,* with him *Wayman, Irvin, Trushel & McAuley,* for appellee.

*Robert L. Ceisler,* with him *Patrono, Ceisler, Edwards and Pettit,* for appellee.

548

*John L. Laubach, Jr.,* with him *Kenney, Stevens, Clark & Semple,* for appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

Appellants, C. Garey Dickson and Baker and Coombs, Inc., contend that the trial court erred in refusing to join seven additional defendants. Moreover, Baker and Coombs, the only additional defendant joined by the court, alleges that the lower court erred in joining Baker and Coombs as an additional defendant.

Appellant Dickson contracted with the Trinity Area School District (hereinafter Trinity) on March 9, 1960 and agreed to provide Trinity with the architectural services needed in the construction of additions and alterations to an existing Junior-Senior High School. In February of 1965, an earth embankment involved in the project collapsed injuring the project. Trinity instituted two civil actions, one in assumpsit and one in trespass, to secure compensation for the damages. In the assumpsit action, Trinity averred that Dickson's breach of the contract caused the damage to the project. In the trespass action, Trinity charged that Dickson and William L. Kubic, an engineer employed by and working in conjunction with Dickson, were negligent in performing their duties in conjunction with the Trinity-Dickson contract.

In the assumpsit action, Dickson filed a complaint pursuant to Rule 2252(a) of the Pennsylvania Rule of Civil Procedure,[1] requesting the joinder of three additional defendants: William Kubic, Ebert and Park,

---

[1] The following rule was in effect in 1967 when the instant actions were instituted: "Rule 2252. Right to join Additional Defendants (a) In any action the defendant or any additional defendant may file as of course, a praecipe for a writ, or a complaint, to join as an additional defendant any person not a party to the action

professional engineers, and Baker and Coombs, a general contractor. Kubic and the firm of Ebert and Park agreed to perform services for appellant Dickson in conjunction with the Trinity school project. Baker and Coombs had contracted with Trinity to serve as the general contractor in the construction of the additions and alteration to the Junior-Senior High School. Additional defendant Baker and Coombs then proceeded under Rule 2252(a) to seek the joinder of Windyhill Construction Co., Inc. (hereinafter Windyhill) as an additional defendant. Windyhill had contractual obligations to perform for Baker and Coombs with respect to the Trinity project.

In the trespass action, appellant Dickson filed a complaint to join Baker and Coombs, Ebert and Park, Windyhill, Raymond Concrete Pile Division of Raymond International Incorporated, McCall's Plumbing and Heating Company, A. C. Ackenheil and Associates Incorporated, H-M Construction Company, and Ralph Grundlach d/b/a Scenic Landscape Service as additional defendants. All the additional defendants other than Baker and Coombs executed contracts to perform services for Dickson in connection with the Trinity project.

The trial court dismissed the complaints to join all the additional defendants other than Baker and Coombs. The court reasoned:

"It seems clear that under 2252, as amended, joinder of any one of these additional defendants would be proper (assuming, of course, that all of the other rules of pleading had been followed). But to say that joinder

---

who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him." The propriety of referring to the rule in effect in 1967 rather than to the 1969 amended version of the rule will be discussed later in the text.

is now permissible does not answer the problem created here. The architect is seeking, not to join one or two additional defendants, but 8 of them. It is obvious that he is attempting to reach 'everyone in sight', and bring them all into one lawsuit. The question is whether we should permit this.

. . .

"In this respect, we must not overlook the guidelines set forth in Rule of Civil Procedure 213(b). It provides as follows: 'The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or any separate issue, or of any number of causes of action, claims, counter-claims, set-offs, cross-suits, or issues.'

"We think that Rules 213 (b) and 2252 (a) must be read together. Given the power to sever and the power to join, and using these to control the trial of issues, it would seem foolish to permit all the joinders now, only to sever them again at trial time. From the standpoint of trial preparation alone, this would not be fair to the parties. We can appreciate the desire to adjudicate all the rights of all the parties in a single action. On the other hand, we cannot impose on a jury a situation so complex that it would be almost [impossible] to solve.

. . .

"This is exactly what the attempted joinder in this case would accomplish, and given our authority to control the course, scope and direction of this litigation, we will not permit it.

"We do not feel, however, that what we have said precludes the joinder of Baker & Coombs, Inc., the general contractor. Its preliminary objections are in the nature of a demurrer and an assertion of misjoinder of

causes of action. It is clear that Pa. R. C. P. 2252, as amended, answers the misjoinder argument. Insofar as the demurrer is concerned, we think that a legal duty has been spelled out in Dickson's amended complaint, and that the allegations of negligence are sufficiently particular . . . . We think a jury can and should be permitted to determine in the first instance whether, if there was a breach of duty, it was that of the architect of the project (Dickson), and/or that of the general contractor (Baker & Coombs, Inc.). These are the persons with whom the plaintiffs primarily dealt. Following such determination, the claims against the other additional defendants may be adjudicated in due course."

In both the trespass and assumpsit action, the suits were instituted February 10, 1967 by the issuance of summonses. Pennsylvania Rule of Civil Procedure 152 provides that whenever a rule is amended "the new provisions shall be construed as effective only from the date when the amendment became effective." Thus, procedural rule amendments do not apply to actions at law instituted prior to the effective date of the amendment; procedural rights are determined by the law in force when the action is initiated. *Sussman v. Yaffee,* 443 Pa. 12, 15, 275 A. 2d 364 (1971); *Schladensky v. Ellis,* 442 Pa. 471, 474-475, 275 A. 2d 663 (1971); *Kilian v. Allegheny Co. Dis.,* 409 Pa. 344, 350-351, 185 A. 2d 517 (1962). Consequently, the right to join additional defendants herein is governed by Rule 2252 (a) as it read on February 10, 1967 (See footnote 1). Amendment to Rule 2252 went into effect on September 1, 1969 and, therefore, has no bearing in the instant cases.[2]

---

[2] Although the lower court applied amended Rule 2252, that court reached the same result as we do herein. It is not necessary for us to determine what the result would have been had we applied amended Rule 2252.

"Pa. R. C. P. No. 2252 (as it read February 10, 1967) permits the joinder of a person not a party to the action where he may alone be liable or liable over on the cause of action declared upon in the original suit. Individuals who may be liable on an unrelated cause of action may not be joined: Steele v. Sheppard, 402 Pa. 33, 165 A. 2d 666 (1960). Further, it is the cause of action actually declared upon that controls the right of joinder and not another cause of action which the plaintiff might have declared upon." *Altoona Central Bank and Trust Co. v. American Casualty Company of Reading*, 415 Pa. 39, 40, 202 A. 2d 29 (1964); *Brandywine Area Joint School Authority v. VanCor, Inc.*, 426 Pa. 448, 233 A. 2d 240 (1967).

In the assumpsit action, Trinity averred that Dickson breached his contractual agreement. This averment limits Dickson's right to join additional defendants to those parties alone liable or liable over on the cause of action declared upon in the original suit. Since none of the additional defendants were parties to the contract between Dickson and Trinity, joinder would be improper in the assumpsit action. *Brandywine*, supra.

In the trespass action, Trinity alleged that Dickson and Kubic were negligent and that this negligence caused damage to the project. An averment of negligence permits Dickson to join as additional defendants any party whose negligence might have proximately caused Trinity's injuries. The trial court, therefore, was correct in holding that the joinder of the additional defendants was proper.

Pennsylvania Rule of Civil Procedure 213(b) provides: "(b) The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number

of causes of actions, claims, counterclaims, set-offs, cross-suits, or issues." The trial judge held that this rule authorized him to join Baker and Coombs and to dismiss the complaint against the other additional defendants who had been properly joined for their joinder would have imposed too compex a situation for a jury to solve. "The matter of consolidation rests in the sound discretion of the court, and Rule 213 of Pa. R. C. P. merely provides that the court may order all of the actions consolidated. Consolidation is not a matter of right." *Ragano v. Socony Vacuum Oil Co.,* 376 Pa. 271, 101 A. 2d 686 (1954); *Balla v. Sladek,* 381 Pa. 85, 90, 112 A. 2d 156 (1955).

The instant matter is so complex that we cannot say that the trial judge abused his discretion in his dismissing the complaints to join the additional defendants.[3] Neither can we say that the trial court erred in joining Baker and Coombs which had dealt directly with Trinity. It is eminently reasonable to determine the liability of all parties who dealt directly with Trinity.

If a judgment is entered against Dickson, Kubic, and/or Baker and Coombs, the dismissal of the seven other additional defendants will not forever bar Dickson, Kubic, and/or Baker and Coombs from proceeding against the seven other parties. " 'The fact that the statute of limitations will bar the plaintiff from a direct recovery against the additional defendant can have no effect on the defendant's right to enforce his claim of contribution or indemnity. The cause of action owned by the plaintiff is distinct from the cause of action arising out of the duty of the additional defendant to indemnify the defendant.' Goodrich-Amram

---

[3] It has been held that the question of consolidation is within the discretion of the lower court and not reviewable on appeal. *Samuels v. Johnson,* 355 Pa. 624, 50 A. 2d 670, 672 (1947).

Rules of Civil Procedure, Comments on Rule 2252(a)-9." *Kitchen v. Grampian Borough*, 421 Pa. 464, 467, 219 A. 2d 685 (1966).

Therefore, we affirm the lower court decision to join Baker and Coombs as an additional defendant and affirm the decision not to join Ebert and Parks, Windyhill, Raymond Concrete Pile Division of Raymond International Incorporated, McCall's Plumbing and Heating Company, A. C. Ackenheil and Associates Incorporated, H-M Construction Company, and Ralph Grundlach d/b/a Scenic Landscape Service.

JACOBS, J., dissents.