## Hamilton, Appellant, *v.* Gallo.
## Hamilton, Appellant, *v.* The Bulletin Company.

Argued June 10, 1974. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Mitchell A. Kramer,* with him *Steven Kapustin,* and *Kramer & Salus,* for appellant.

*Edward R. Paul,* with him *Joseph G. Manta,* and *LaBrum & Doak,* for appellee, at No. 1691.

*Lynn L. Detweiler,* with him *Swartz, Campbell & Detweiler,* for appellee, at No. 1494.

OPINION BY VAN DER VOORT, J., March 31, 1975:

On April 14, 1966, the appellant, David Hamilton, was involved in a motor vehicle accident between his own automobile and one operated by appellee Frank Gallo.

Hamilton allegedly suffered back injuries and was hospitalized. On August 28, 1966, Mr. Hamilton, having returned to work as the operator of a municipal street cleaning truck, was involved in another accident. This second collision was between the appellant's truck and a truck operated by an agent of appellee, The Bulletin Company. As a result, Hamilton allegedly again suffered serious back injuries, which this time caused him to be permanently disabled.

Hamilton eventually brought separate suits in trespass against Gallo and Bulletin. Prior to the trials of these cases, appellant's counsel initiated discussions with defense counsel which led to an agreement with the Court's approval, that the two trials would be consolidated and tried together before a single judge and jury. All the parties agree that prior to trial, the trial judge, the Honorable Maurice SPORKIN, announced that all of the evidence, both on liability and damages, would be introduced in both cases before the case was sent to the jury.

During the course of the consolidated trial, the appellant first presented his evidence as to both liability and damages against Gallo. Almost at the conclusion of this presentation (appellant had not yet introduced some exhibits), counsel for appellee Gallo moved that the Court sever his case completely from the Bulletin case and that the jury be given his case alone and without the benefit of any evidence in the Bulletin case. Counsel for Bulletin joined in that request. Counsel for appellant contested these requests. After extended discussions among counsel (which will be discussed more fully, *infra*) the Court ruled that the plaintiff-appellant would present all of his evidence on liability in the Bulletin case and that the jury would then consider both cases solely on the liability question. If either one or both defendant-appellees were found liable, the jury would then hear evidence and consider the issue of damages. The plaintiff-appellant then

moved that the cases be completely severed, arguing that the basis for joinder no longer existed. This motion was denied by the Court.

The defense in the Gallo case then proceeded on liability only and the Bulletin case was tried by the parties on liability only. The Court instructed the jury that they were to completely disregard any damage evidence and to consider only liability as to each defendant-appellee. The jury returned verdicts against plaintiff-appellant and in favor of defendants-appellees on liability in both cases.

Appellant raises several claims on appeal in both cases. However, except for one claim which will be discussed more fully herein, we rely on the thorough discussion, reasoning, and conclusions set forth in the excellent and extensive opinion of the learned lower Court. The sole issue which will be analyzed in this Opinion is the claim of appellant that the lower court erred in ruling that the jury should consider liability evidence alone in both cases, prior to the consideration of evidence on damages in either case.

Appellant primarily argues that there was prejudice severing the issues and not permitting the jury to hear damage evidence on the Bulletin case prior to their consideration of liability in both cases. Appellee Gallo argues that the appellant had presented all of his evidence as to both liability and damages in the first case and thus suffered no prejudice at least as to Gallo. Appellee Bulletin similarly supports the action of the lower Court and argues, *inter alia,* that appellant claims prejudice solely due to its inability to present damage evidence in the Bulletin case which Bulletin maintains, the jury shouldn't have considered in any event in its assessment of liability. Our review of the conflicting claims and arguments leads us to conclude that the action of the lower Court in relation to separation of issues for the jury's consideration was correct and should be affirmed.

In the consideration of this issue, we are guided in large part by Rule 213 of the Pennsylvania Rules of Civil Procedure which provides in pertinent part: "(a) When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay. (b) The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues." In addition, it has been held many times that the lower courts have broad discretion in the consolidation, joinder and severance of causes of action and separate issues at trial. See *Balla v. Sladek,* 381 Pa. 85, 112 A.2d 156 (1955); *Ragano v. Socony Vacuum Oil Company,* 376 Pa. 271, 101 A.2d 686 (1954); *Samuels v. Johnson,* 355 Pa. 624, 50 A.2d 670 (1947); *Trinity Area School District v. Dickson,* 223 Pa. Superior Ct. 546, 302 A.2d 481 (1973).

In the instant case, plaintiff-appellant originally prompted the action which led to the consolidation of the Gallo and Bulletin claims at one trial—ostensibly to prevent each defendant from raising a defense in the *damage* area in separate trials that the other accident caused either all or a majority of the plaintiff's damages. Appellant apparently felt that one jury would assess and award fair damages as a result of considering evidence as to injuries in both cases. When the appellant produced his damage evidence in the Gallo case, it showed that *his own* medical evidence supported a contention that he had totally recovered from injuries sustained in the Gallo accident prior to the date of the Bulletin accident. In

view of these circumstances, it is pertinent to quote the lower court's rationale from its opinion: "In the case at bar, as discussed above, consolidation was clearly convenient to all parties due to common issues of fact (the extent of the damages suffered by plaintiff which were attributable to each accident). When plaintiff failed in GALLO to present evidence that the injuries suffered in that accident were continuing, serious danger arose that the case on liability in GALLO could be prejudiced if considered in the injury climate of total disability that would pervade the damages testimony in BULLETIN. Yet the original reason for *consolidation* remained because, were the cases tried separately, Bulletin-defendant might still attempt to show that the injury or disability picture presented by plaintiff in BULLETIN was really a result of the accident in GALLO, and Bulletin-defendant still needed protection from the possibility that plaintiff would attempt to downplay his injuries in GALLO in order to present BULLETIN as the serious case." We cannot find that it was unreasonable for the trial judge to find a need to have one jury hear the facts of both cases, and, if necessary, to apportion damages. His refusal to sever the cases and decision to initially submit the questions of liability to the jury was not an abuse of discretion.

Affirmed.

DISSENTING OPINION BY PRICE, J.:

I must respectfully dissent from the conclusion reached by the majority. I do so simply on the basis of Pa. R.C.P. 212 which states: ". . . The court may make an order reciting the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and limiting the issues for trial to those not disposed of by admissions or agreements of the attorneys.

Such order when entered shall control the subsequent course of the action unless modified at the trial to prevent manifest injustice. . . ."

There can be no doubt as the majority states that the parties to this action agreed with court approval to a consolidated trial before a single judge and jury, and that all of the evidence, both on liability and damages, would be introduced in both cases before the case was sent to the jury. Courts, not only in this Commonwealth but elsewhere, have historically afforded such agreement between counsel and particularly with court approval the highest honor and effect possible in the trial of cases. In my opinion, the lower court erred, therefore, in modifying the pre-trial agreement during the course of this trial and in my opinion such an alteration cannot be justified on the grounds that it was done to prevent manifest injustice. I, therefore, would hold such reversal to be error, with or without prejudice to the appellant and would reverse the judgment of the lower court and grant new trials.

JACOBS and HOFFMAN, JJ., join in this dissenting opinion.