414 A.2d 672

**Joseph G. SCHAEFER and Constance Schaefer, his wife, Appellants,**

**v.**

**AMERICAN STATES INSURANCE COMPANY, Firemen's Insurance Company of Newark, New Jersey, and Royal Globe Insurance Company.**

Superior Court of Pennsylvania.

Argued April 11, 1979.

Filed Nov. 16, 1979.

Edward F. Kelly, Pittsburgh, for appellants.

Paul R. Marks and Robert W. Murdoch, Pittsburgh, for appellees.

Before PRICE, HESTER and MONTGOMERY, JJ.

PRICE, Judge:

This appeal arises from the orders of the trial court granting appellees' motions for partial summary judgment with respect to a portion of appellants' insurance claim. Because we conclude that the orders are interlocutory in nature, the appeal must be quashed.

The salient facts are these. On October 29, 1976, appellants brought an action in assumpsit against appellees, their insurance carriers,[1] seeking compensation for certain losses allegedly due to vandalism. Specifically, the complaint averred that on November 14, 1975, one-half of a set of gates had been removed from appellants' property and severely damaged, while some 43 days later, a copper lantern on the identical gate site was defaced and mutilated. All appellees filed separate answers containing new matter in which it was alleged that: appellants had reported the loss of the gate on October 25, 1975; suit was commenced more

---

1. The Amhurst Insurance Company was originally included as a defendant in the instant proceeding, but that portion of the suit was subsequently discontinued by agreement of counsel.

than one year later on October 29, 1976; all of appellants' insurance policies included clauses to the effect that any suit or action on the policy must be commenced within twelve months following inception of the loss. Premised on these allegations, appellee American States Insurance Company filed a motion for partial summary judgment with respect to the damage claim for the gate; the remaining appellees subsequently filed similar motions. The trial court entered separate orders granting those motions and this appeal followed.

█ It is firmly established in this Commonwealth that an appeal will lie only from entry of a final order unless otherwise expressly permitted by statute. *Adoption of G. M.*, 484 Pa. 24, 398 A.2d 642 (1979); *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 383 A.2d 791 (1977); *T. C. R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977). This rule has been recognized most recently by the Judicial Code: "The Superior Court shall have exclusive appellate jurisdiction of all appeals from *final orders . . . .*" Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (emphasis added). The apparent simplicity of the rule is, however, at times belied by the difficulty encountered by formulating a practical definition of "final order." In general, our courts have spoken of final orders as those which terminate the litigation, effectively deprive the litigant of his day in court, or dispose of the entire case. *E. g., Safety Tire Corporation v. Hoffman Fire Company*, 458 Pa. 102, 329 A.2d 834 (1974); *Piltzer v. Independence Savings and Loan Association*, 456 Pa. 402, 319 A.2d 677 (1974); *James Banda, Inc. v. Virginia Manor Apartments, Inc.*, 451 Pa. 408, 303 A.2d 925 (1973); *Kramer v. Kramer*, 260 Pa.Super. 332, 394 A.2d 577 (1978); *Lane v. Schacht*, 260 Pa.Super. 68, 393 A.2d 1015 (1978); 9 Standard Pennsylvania Practice 48. Conversely, an order is interlocutory and not final unless it effectively puts the litigant out of court. *T.C.R. Realty, Inc. v. Cox, supra; Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 246 A.2d 353

(1968).[2] Again, in *Marino Estate*, 440 Pa. 492, 269 A.2d 645 (1969), it was stated that an order is not interlocutory if it precludes a party from presenting the merits of his claim to the lower court. Our supreme court has cautioned, however, that we must not rely solely on the face of the order, but must look "beyond the technical effect of the adjudication to its practical ramifications." *T. C. R. Realty, Inc. v. Cox, supra* 472 Pa. at 337, 372 A.2d at 724. See also *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734 (1975).

 The instant orders, whether approached on their face or in terms of their practical effect, neither put appellants wholly out of court nor terminate their litigation with respect to appellees. Although they do foreclose appellants from pursuing a portion of their cause of action, this cannot be construed as a final disposition. The adjudication must be final and complete as to all parties and as to the whole of the subject matter in order to be appealable. *Commonwealth v. Mellon National Bank and Trust Co.*, 360 Pa. 103, 61 A.2d 430 (1948).[3] While it is true that this standard

2. In some cases, the standard is couched in terms of the litigant being put out of court on his cause of action. See *Central Contracting Company v. C. E. Youngdahl & Company, Inc.*, 418 Pa. 122, 209 A.2d 810 (1965); *Sullivan v. Philadelphia*, 378 Pa. 648, 107 A.2d 854 (1954); *Rabben v. Steinberg*, 187 Pa.Super. 28, 142 A.2d 400 (1958).

3. Fed.R.Civ.P. 54(b) concerns itself specifically with the question of partial summary judgment in actions involving multiple claims for relief:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is not just reason for delay and upon express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties . . . ."
We also note that several jurisdictions have opined that there may be finality in a decision which disposes not of the whole, but merely of a separate and distinct branch of the subject matter of the litigation. *E. g., Altschuler v. Altschuler*, 399 Ill. 559, 78 N.E.2d 225 (1948);

admits of certain exceptions, and our supreme court has often held that an order dismissing certain aspects of an action is final even though certain other aspects may survive the order, those cases involve well defined categories, some of which were recently reviewed in *T. C. R. Realty, Inc. v. Cox, supra* 472 Pa. at 338, 372 A.2d at 725:

> "In *Bell v. Beneficial Consumer Discount, supra,* we held that an order denying class action status possessed sufficiently practical aspects of finality to make it appealable even though the named plaintiffs in the case could further pursue the action and the ousted members could bring separate individual actions. *See also, Lee v. Child Care Services,* 461 Pa. 641, 337 A.2d 586 (1975). In *Brandywine Joint Area School Authority v. Van Corp., Inc.,* 426 Pa. 448, 451, 233 A.2d 240, 241 (1967), we permitted an appeal from an order sustaining preliminary objections which dismissed a thirty party complaint.

> > 'We conclude that while an order overruling preliminary objections to an additional party complaint is interlocutory, an order granting such objections and dismissing the complaint is final and appealable. Although the plaintiff in the additional party complaint may have a further cause of action against the defendant in the additional party complaint subsequent to the resolution of the basic litigation, *he is precluded in the basic litigation from determining his rights vis-a-vis the additional defendant in the litigation.'* (emphasis added)

*North Carolina State Highway Commission v. Nuckles,* 271 N.C. 1, 155 S.E.2d 772 (1967).

In this Commonwealth, a trial court may on its own motion order a separate trial on any claim or issue if the resolution of that claim or issue would expedite the adjudication of other claims. *See* Pa.R.C.P. 213(b). Trial judges may also sever causes of action, *cf. Hamilton v. Gallo,* 233 Pa.Super. 476, 334 A.2d 692 (1975), and a severance of causes of action effect, for purposes including trial and appellate procedure, a splitting of the action into two or more independent actions. *See Fisher v. Diehl,* 156 Pa.Super. 476, 40 A.2d 912 (1944); 1A Anderson Pennsylvania Civil Practice, § 213.35 (1976). Severance of the actions may not be presumed, however, absent specific language. As no specific language of severance is employed by the trial court, this matter need not detain us.

In *Goldman v. McShain*, 432 Pa. 61, 247 A.2d 455 (1967), we agreed that an order transferring an action from equity to the law side which effectively puts the litigant 'out of court' as to his equitable cause of action is appealable even though the 'litigant so affected can carry his banner into another court on another theory.' *Id.*, 432 Pa. at 65, 247 A.2d at 457." (emphasis in original).

These instances are, however, anomalies. To frequently and haphazardly perceive "practical aspects of finality" in orders of a lower court would undermine the policy which seeks to eliminate fragmentary appeals. Liberality in granting appeals, and a concomitant desire to speedily dispose of litigation, should not be extended so as to inundate the judiciary with a myriad of piecemeal matters that could easily be disposed of in a single hearing. Instantly, the summary judgment with respect to appellants' claim to compensation for the gate does not preclude them from pursuing their claim as regards the lantern. Following the resolution of that claim, appellants will be free to bring the entire matter before this court if aggrieved by the decision. The present appeal must, however, be quashed.

Appeal quashed.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I dissent. In my judgment the within appeal is governed by the opinion of our Supreme Court in the case of *Lardas v. Underwriters Insurance Company, etc.*, 426 Pa. 47, 231 A.2d 740 (1967). I would therefore affirm the action of the court below.